IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BEATRICE FLORES ROSALES** | § | |
| *Plaintiff* | § | |
| | § | **CIVIL ACTION NO.** |
| **V.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **TEXAS DEPARTMENT OF FAMILY AND** | § | |
| **PROTECTIVE SERVICES, JOCELYN** | § | |
| **RODRIGUEZ, MARINA YZAGUIRRE** | § | |
| **AND JOVITA SHIVES** | § | |
| *Defendants* | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**NOW COMES** Plaintiff, **BEATRICE FLORES ROSALES,** hereinafter ("Plaintiff **ROSALES**"), by and through her attorneys, and complains of Defendants, **TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** (hereinafter "**DFPS**"), **JOYCELYN RODRIGUEZ ("RODRIGUEZ"), MARINA YZAGUIRRE ("YZAGUIRRE") AND JOVITA SHIVES ("SHIVES"),** for this cause of action and would respectfully show unto the Court the following:

### I.    PARTIES

**1.1** Plaintiff, **BEATRICE FLORES ROSALES** is an individual and resident of Alice, Jim Wells County, Texas.

**1.2** Defendant, **TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES (HEREINAFTER "DFPS)** is an agency responsible for investigating charges of abuse,

1

neglect or exploitation of children, elderly adults and adults with disabilities that, and doing business in the State of Texas whose headquarters are located in **4900 N. LAMAR BLVD., AUSTIN, TEXAS 78751** and may be served with process by serving Commissioner Stephanie Muth at 701 W. 51st Street Austin, TX 78751.

**1.3** Defendant, **JOYCELYN RODRIGUEZ (HEREINAFTER "RODRIGUEZ"),** is an individual and resident of Alice, Texas, whose address in unknown at this time.

**1.4** Defendant, **MARINA YZAGUIRRE ("YZAGUIRRE"),** is a person, residing in McAllen, Hidalgo County, Texas, upon whom service of process may be effected by serving her at her residence located at **1908 Pelican Avenue, McAllen, Texas 78504-3814** or any other place where she may be found.  Service will be by private process server.

**1.5** Defendant, **JOVITA SHIVES ("SHIVES"),** is a person, residing in Weslaco, Hidalgo County, Texas, upon whom service of process may be effected by serving her at her residence located at **1508 Southland Drive, Weslaco, Texas 78596-7442** or any other place where she may be found.  Service will be by private process server.

## II.     SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND VENUE

**2.1** Venue is proper under 28 U.S.C. §1390 and §1391 as the incident giving rise to the claim occurred in the city of Alice, Texas, in Nueces County, Texas**.**

**2.2** This Court has jurisdiction over this suit under 42 U.S.C. §1983 and supplemental jurisdiction over the state law claims contained therein, as they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

### III.    FACTS

**3.1**    On or about June 16, 2022, Plaintiff **BEATRICE FLORES ROSALES** was employed with the Defendant, **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES CPS INVESTIGATIONS ("DFPS")**. Plaintiff was employed by PD Jovita Shives, Joycelyn Rodriguez and Maria Yzaguirre, who were Plaintiff's managers and had direct control over Plaintiff's employment at DFPS.

**3.2**    During her tenure at DFPS, Plaintiff was assigned to look after a 14-year old autistic boy. Prior to assigning Plaintiff to look after the 14-year old autistic boy, DFPS was aware that said boy had violent tendencies and had attacked and/or caused injuries to other DFPS workers. Nevertheless, DFPS, Jocelyn Rodriguez, Maria Yzaguirre, and PD Jovita Shives intentionally assigned Plaintiff to look after said boy knowing that he would cause injuries to Plaintiff and/or with the intention of having Plaintiff sustain injuries at work.

**3.3**    While looking after the children at the center, Plaintiff, **BEATRICE FLORES ROSALES,** was attacked and assaulted by said 14-year old autistic boy. The attack happened during Plaintiff's work shift. As the child began his violent aggression, Plaintiff contacted her supervisor, Joycelyn Rodriguez, and the program director about what was going on with this child. Plaintiff was told she had to finish out her shift. Plaintiff suffered severe injuries to her shoulder and rotator cuff and pain generally throughout her body.

**3.4**    In an email dated June 17, 2022, Plaintiff, **ROSALES,** reached out to Program Director, Jovita Shives, regarding the assault by the autistic boy. Plaintiff stated that

she was in a lot of pain because of the attack and would seek medical treatment. At that time, Plaintiff filed a claim under Workman's Compensation.

**3.5**   After visiting with a doctor, Plaintiff returned work with some minor restrictions of not being able to lift more than ten pounds until further orders. Plaintiff relayed these restrictions to her supervisor, Defendant, **RODRIGUEZ**.

**3.6**   On July 21, 2022, Defendant, **RODRIGUEZ,** was aware that Plaintiff required assistance carrying a box that weighed over ten pounds but gave direct orders to everyone in their unit to not interact or assist Plaintiff in any way. Fearing retaliation for not completing a job task, Plaintiff was forced to carry the heavy box on her own.

**3.7**   On the morning of July 28, 2022, Plaintiff was informed by her program director, Jovita Shives, that Plaintiff needed to leave work and not return until Plaintiff's next workman's compensation appointment.  Ms. Shives told Plaintiff that she "didn't know how to follow doctors' orders".  Plaintiff was not allowed to explain that she had no help in the unit even though everyone including her supervisor, Joycelyn Rodriguez, were aware that she needed help with heavy lifting and yet nobody helped her when needed.  Plaintiff went home as directed.

**3.8**   Plaintiff felt she had no place to turn to as she was treated unfairly and subjected to constant harassment and fear of retaliation for speaking up.  On July 31, 2022, Plaintiff filed an Administrative Complaint with the Department.

**3.9**   As the department investigated the complaint, it is Plaintiff's belief that her supervisor, Joycelyn Rodriguez was terminated because of her harassment towards Plaintiff.

4

**3.10**   During this period, Plaintiff remained at home rehabilitating her injuries over the next few months as directed by Ms. Shives.

**3.11**   On November 8, 2022, Plaintiff received two letters from DFPS.  The first letter was dated **October 28, 2022**, from program director, Jovita Shives.  In the letter, Ms. Shives stated that Plaintiff had exhausted all available leave as an employee of DFPS as of September 14, 2022.  Ms. Shives also stated that Plaintiff did not qualify for FMLA.  Plaintiff was asked to return to work by November 4, 2022, and that Plaintiff must provide the fitness for duty prior to returning to work even though Plaintiff didn't receive this correspondence until November 8, 2022.

**3.12**   The second letter Plaintiff received was dated November 8, 2022, from Maria Yzaguirre, Regional Director.  Ms. Yzaguirre reiterated what was stated in the letter from Jovita Shives dated October 28, 2022, that Plaintiff was to return to work by November 4, 2022, and failure to do so could result in termination. The letter continued that Plaintiff 's employment is terminated as of November 8, 2022.

**3.13**   Plaintiff was not allowed to return to work without restrictions and was later terminated. This caused Plaintiff grievous hurt, leaving her in immense pain. As a result of this incident, Plaintiff suffered serious and permanent injuries to her left arm, shoulder, neck, hand and has suffered mental stresses including suicidal tendencies.

**3.14**   The negligence of Defendants caused Plaintiff to suffer grievous injuries. She has incurred reasonable and necessary medical expenses, physical pain, mental anguish, disability and loss of consortium. These damages are continuing into the

future. Plaintiff also incurred damages in the form of lost wages and loss of earning capacity.

**3.15**   Plaintiff did not act or behave in a manner that justified the hostile work environment and the constant harassment at the hands of her superiors.

### IV.   CAUSES OF ACTION

#### VIOLATION OF 42 U.S.C. § 1983, 42 U.S.C. § 1981, AND FOURTEENTH AMENDMENT EQUAL PROTECTION (EMPLOYMENT DISCRIMINATION)

**4.1**   Plaintiff realleges and incorporates the allegations contained in this complaint as if fully stated herein.

**4.2**   At all times alleged herein, Defendants were acting under color of law in their official and/or individual capacities.

**4.3**   The Equal Protection clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1981 require that no citizen may be denied equal access to the rights, privileges, and immunities secured by the Constitution and its laws on the basis of their  nor discriminated against in any way based on physical limitations or disabilities . Defendants intentionally deprived Plaintiff of equal access to rights, privileges, and immunities, and otherwise discriminated against Plaintiff based upon her disability and/or physical condition by unlawfully retaliating against Plaintiff. More specifically, Defendants refused to provide reasonable accommodations to Plaintiff as a result of a work-related injuries and decided to instead terminate her employment.

**4.4**   Plaintiff's Constitutional and statutory rights were clearly established at the

time of Defendant's misconduct because a reasonable person in Defendants' position would understand that such acts would cause a deprivation of Plaintiff's rights. At all times material herein, Defendants intentionally discriminated against Plaintiff based on her physical condition and disabilities as set forth herein all in violation of the Equal Protection provision of the 14th Amendment to the Constitution and 42 U.S.C. §1981 recoverable through this 42 U.S.C. §1983 action.

**4.5** Defendants intentionally discriminated against Plaintiff by unlawfully and discriminatorily denying Plaintiff reasonable accommodations and subsequently terminating Plaintiff's employment.

**4.6** Defendants' intentional and deliberate indifference to Plaintiff's and Civil Rights was the moving force behind Plaintiff's deprivation of her constitutional and statutory rights and quality of life and freedoms that other non-disabled workers were provided.

**4.7** As a result of Defendants' illegal actions against Plaintiff, she has suffered economic and non-economic damages as set out above. As a result of the intentional, willful, egregious, and deliberate acts by Defendant against Plaintiff, Plaintiff is entitled to punitive damages against Plaintiff as to avoid and prevent future illegal conduct against other injured or disabled employees and other discriminatory conduct.

## VIOLATION OF 42 U.S.C. § 1983 FOURTEENTH AMENDMENT EQUAL PROTECTION AND DUE PROCESS (HOSTILE AND UNSAFE WORK ENVIRONMENT)

**4.8**    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**4.9**    At all relevant times, Defendants were acting under color of state law in their capacities as state officials and employees, and their acts and omissions were conducted within the scope of their official duties and employment.

**4.10**    The Fourteenth Amendment to the United States Constitution guarantees that no state shall deprive any person of life, liberty, or property, without due process of law, and guarantees equal protection of the laws.

**4.11**    The Due Process Clause of the Fourteenth Amendment imposes a duty on state officials to protect individuals from harm when the state has created a dangerous condition or has a special relationship with the individual or employee.

**4.12**    Defendants, acting with deliberate indifference, failed to provide a safe working environment for Plaintiff by knowingly allowing and forcing Plaintiff to take care of an autistic boy who had previously attacked other employees and forced her to continue working even after she had been attacked and injured by said boy until the end of her shift. Defendants knew that the autistic boy posed a substantial risk of serious harm to Plaintiff's health and safety but forced Plaintiff undertake said risk under fear of termination without affording her adequate safety gear or measures.

**4.13**   Stated differently, Defendants were aware of the risk of harm posed by the autistic boy through reports and complaints from other employees but willfully disregarded this information and failed to take reasonable steps to protect Plaintiff and instead forced her to work under unsafe conditions.

**4.14**   Defendants' deliberate indifference to Plaintiff's safety created a foreseeable and substantial risk of harm, which directly resulted in Plaintiff suffering injuries her left arm, shoulder, neck, hand and has suffered severe mental distress.

**4.15**   The Defendants' actions and omissions constituted a violation of Plaintiff's substantive due process rights under the Fourteenth Amendment by subjecting Plaintiff to an unsafe and dangerous working environment without adequate protection, thereby depriving Plaintiff of the right to bodily integrity and safety.

**4.16**   The Equal Protection Clause of the Fourteenth Amendment requires that individuals in similar situations be treated equally under the law. Defendants failed to provide the same level of safety and protection to Plaintiff as was provided to other employees, thereby denying Plaintiff equal protection of the laws.

**4.17**   As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered and continues to suffer from physical injuries, emotional distress, medical expenses, lost wages, diminished earning capacity, and other compensatory damages.

**4.18**   Defendants' conduct was willful, malicious, and exhibited a reckless disregard for Plaintiff's federally protected rights, justifying the award of punitive damages to punish Defendants and deter similar conduct in the future.

**VIOLATION OF 42 U.S.C. § 1983 (RETALIATION FOR EXERCISE OF FREE SPEECH)**

**4.19**   Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**4.20**   At all relevant times, Defendants were acting under color of state law in their capacities as state officials and employees, and their acts and omissions were conducted within the scope of their official duties and employment.

**4.21**   The First Amendment to the United States Constitution protects the right of individuals to speak freely on matters of public concern. Plaintiff exercised this right by reporting Defendants' wrongful conduct to state agencies and/or regulators by filing an administrative complaint, which resulted in termination and/or disciplinary actions against one or more Defendants.

**4.22**   The Fourteenth Amendment to the United States Constitution guarantees that no state shall deprive any person of life, liberty, or property, without due process of law, and guarantees equal protection of the laws.

**4.23**   Defendants, acting with retaliatory animus, subjected Plaintiff to adverse employment actions in retaliation for exercising her right to free speech, thereby violating Plaintiff's rights under the First and Fourteenth Amendments.

**4.24**   Defendants' retaliatory actions were intended to punish Plaintiff for asserting her free speech rights and to deter Plaintiff and other employees from engaging in protected speech, constituting a violation of 42 U.S.C. § 1983.

**4.25**   As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer from emotional distress, financial hardship, damage to reputation, and other compensatory damages.

**4.26**   Defendants' conduct was willful, malicious, and exhibited a reckless disregard for Plaintiff's federally protected rights, justifying the award of punitive damages to punish Defendants and deter similar conduct in the future.

## V.   DAMAGES

**5.1**   Defendants' acts have been producing and proximate causes of damages to Plaintiff within the jurisdictional limits of this Court.

**5.2**   As a direct and proximate result of the wrongful conduct of the Defendants, Plaintiff has suffered severe bodily injuries to her body, pain/mental anguish, and lost wages/earning capacity. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being.

**5.3**   Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this injury

throughout her body for a long time in the future, likely for the balance of her natural life.

**5.4** As a further result of the nature and consequences of her injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

**5.5** As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges for this treatment are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

**5.6** As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

**5.7** By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now files suit.

**5.8** As a consequence of the injuries sustained by the Plaintiff, she has sustained physical impairment and disfigurement. In all reasonable probability, this disability will cause her to suffer long into the future, if not for the balance of her natural life, all due to the damages in an amount that is within the jurisdictional limits of this Court for which she now sues.

## VI.   INTEREST

**6.1**   Plaintiff further requests both pre judgment and post judgment interest on all her damages as allowed by law.

## VII.   REQUEST FOR JURY TRIAL

**7.1**   Plaintiff demands that this case be decided by a jury as allowed by TEX. R. CIV. P. 215. Plaintiff acknowledges payment of the required jury fee.

## VIII.   NOTICE OF AUTHENTICATION OF DOCUMENTS PURSUANT TO TRCP 193.7

**8.1**   Plaintiff hereby provides actual notice to Defendant that Plaintiff will use any or every document produced by each and every Defendant in response to written discovery, in a pretrial proceeding, or at trial. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, any Defendant's production of a document in response to written discovery authenticates the document for use against that Defendant or any other Defendant, unless- within ten (10) days or a longer or shorter time ordered by the court- Defendant objects to the authenticity of the document, or any part of it, stating the specific basis for its objection. An objection must be either on the record or in writing and must have a good faith factual and legal basis. An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder.

## IX.   CONDITIONS PRECEDENT

**9.1**   Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, R. 54, Plaintiff states that all conditions precedent to suit has been performed or has occurred, and that every notice required by law to be given has been properly and timely provided.

## X.    PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**10.1**    Plaintiff hereby requests and demands that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, log books, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against the Defendant, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest allowed by law, costs of Court, and for such other further relief to which Plaintiff may be justly entitled by law and equity, including but not limited to:

1. Physical pain sustained in the past;
2. Mental anguish sustained in the past;
3. Physical pain that, in reasonable probability, Plaintiff will sustain in the future;
4. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;
5. Physical impairment sustained in the past;
6. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;
7. Medical care expenses sustained in the past;

8.  Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

9.  Loss of consortium;

10. Pre-judgment interest;

11. Post-judgment interest;

12. Exemplary damages;

13. Disfigurement sustained in the past; and

14. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future.

RESPECTFULLY SUBMITTED,

DESOUZA INJURY LAWYERS
4047 NACO PERRIN BLVD. SUITE 100
SAN ANTONIO, TEXAS 78230
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

BY: /S/ Jorge L. Alvarez
JORGE L. ALVAREZ
STATE BAR NO:  24133590
jorge@jfdlawfirm.com

BY: /S/ Frank J. Pehlke
FRANK J. PEHLKE
STATE BAR No. 24129366
frank@jfdlawfirm.com

ATTORNEYS FOR PLAINTIFF